United States District Court
Southern District of Texas
**ENTERED**
November 25, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JORGE MARTINEZ-PASTOR, | § | |
| Movant, | § | |
| | § | |
| v. | § | Case No. 1:16-cv-176 |
| | § | (Criminal No. 1:15-cr-784-4) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Jorge Martinez-Pastor's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (hereinafter, Martinez-Pastor's "Motion" or "§ 2255 Motion") and supporting memorandum. Dkt. Nos. 1, 2. For the reasons below, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, it is recommended that Martinez-Pastor's § 2255 Motion be dismissed with prejudice. Further, it is recommended that a certificate of appealability not issue.

**I. Jurisdiction**

This Court has jurisdiction over Martinez-Pastor's § 2255 Motion pursuant to 28 U.S.C. § 1331 and § 2255.

**II. Procedural History**

On November 4, 2015, Martinez-Pastor pleaded guilty to possession with intent to distribute a quantity exceeding 100 kilograms, that is, approximately 146

kilograms of marihuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2.  *See United States of America v. Jorge Martinez-Pastor*, No. 1:15-cr-0784-4, Dkt. No. 135 at 1.[1]  On February 24, 2016, United States District Judge Rolando Olvera sentenced Martinez-Pastor to 60 months of imprisonment and a four-year term of supervised release.  *Id.* at 2-3.  Judgment was entered on March 3, 2016.  *Id.* at 1.  Martinez-Pastor did not file a direct appeal.  Dkt. No. 1 at 1.

Martinez-Pastor filed his instant, timely § 2255 Motion on July 2, 2016.  Dkt. No. 1.[2]  Martinez-Pastor argues that: (1) Judge Olvera improperly applied the sentencing guidelines in sentencing Martinez-Pastor to a period of confinement significantly higher than his co-defendants; and (2) his attorney, Nat Perez, provided ineffective assistance of counsel "because he did not attempt to negotiate his case with the Assistant United States Attorney."  Dkt. No. 2 at 2-3.  In his Motion, Martinez-Pastor seeks a 30-month reduction in his sentence.  *Id.* at 12.

### III.  Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution

---

[1]   Hereinafter, Martinez-Pastor's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

[2]   Martinez-Pastor indicates that he placed his § 2255 Motion in the prison mailing system on July 2, 2016.  Dkt. No. 1 at 12.  The Court will consider his § 2255 Motion filed on that date.  *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).

or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## IV. Discussion

First, Martinez-Pastor argues that Judge Olvera improperly applied the sentencing guidelines while determining his sentence because his co-defendants, who "had similar or bigger roles compared to [Martinez-Pastor]," received significantly shorter sentences. Dkt. No. 2 at 2-3. A federal prisoner may only obtain relief under § 2255 if their "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A prisoner may not attack a court's technical application of the sentencing guidelines in a § 2255 motion because such a claim is not cognizable under 28 U.S.C. § 2255. *See United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992) (per

curiam) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue."); *United States v. Arias-Lopez*, No. CA C-12-148, 2013 WL 628694, at *4 (S.D. Tex. Feb. 19, 2013) ("A court's technical application of the sentencing guidelines is not cognizable in a § 2255 motion.") (citations omitted). Further, even if the claim was cognizable on review, the discrepancy in Martinez-Pastor's sentence and his co-defendants occurred because he failed to qualify for safety valve relief from the otherwise applicable statutory minimum sentence. *Compare* CR Dkt. Minute Entries on February 10, 17, and 24, 2016.

Second, Martinez-Pastor argues that his attorney, Nat Perez, provided ineffective assistance by failing to "attempt to negotiate his case with the Assistant United States Attorney." Dkt. No. 2 at 3. In *Strickland v. Washington*, the Supreme Court announced that in order to succeed on an ineffective assistance of counsel claim, a defendant must show both: (1) that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) "the deficient performance prejudiced the defense," and shows "errors so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Courts need not even address both inquiries if the defendant does not sufficiently support one prong, nor must the court address the test in the same order. *Id.* at 697. In support of his claims, Martinez-Pastor also alleges that he is a citizen of Mexico who cannot speak, write, or read in English, that he lost his reading glasses when he was arrested and that as a result he could not understand what he was signing, and

that his guideline sentence range was only 37-46 months. *Id.* at 3-4.

These allegations do not support a claim of ineffective assistance of counsel. For example, the only allegation loosely related to Perez's representation of Martinez-Pastor is that Perez failed to negotiate with the Government's attorney. *Id.* at 3. However, a plea agreement was reached between the Government and Martinez-Pastor, indicating that some level of negotiation did in fact occur. *See* Dkt. No. 75. Further, Martinez-Perez received the statutory minimum sentence of 60 months, which indicates that any failure to "negotiate" for a better sentence by Perez did not prejudice Martinez-Pastor. *See* CR Dkt. Nos. 106 at 9, 136 at 1.

Martinez-Pastor's Motion could be construed to allege that his guilty plea was involuntary because he could not read the plea agreement. *See* Dkt. No. 2 at 3. Assuming that this allegation is still viewed in terms of an ineffective assistance of counsel claim, Martinez-Pastor has not shown that he was prejudiced from his lack of ability to read the agreement. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) ("In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."). If the allegation is divorced from his claim of ineffective assistance of counsel, Martinez-Pastor still has not alleged a sufficient factual basis for his claim. Martinez-Pastor must show that his plea was "'so much the product of. . . misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment.'" *United States v. Diaz*, 733 F.2d 371, 374 (5th

Cir. 1984). Martinez-Pastor needed to understand the nature of the constitutional protections that he waived and a basic understanding of the charge and its consequences. *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976) ("A plea may be involuntary either because the accused does not understand the nature of the constitutional protections that he is waiving, or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt."); *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996). However, Martinez-Pastor's bare and conclusory allegation does not indicate that his lack of ability to read affected the voluntariness of his guilty plea. *See generally Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994). Therefore, for the reasons above, the Court recommends that Martinez-Pastor's § 2255 Motion be dismissed without prejudice.

## V. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case as Martinez-Pastor has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

It is recommended that Martinez-Pastor's § 2255 Motion be dismissed with prejudice pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Further it is recommended that a certificate of appealability not issue.

## VII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-

to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 22nd day of November, 2016.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**